UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
GREAT NORMANDY LLC,

                             Plaintiff,

                  -against-                        **REPORT AND**
                                                       **RECOMMENDATION**
4 QUEENS HOMES INC., HAKIMIAN          22 CV 1624 (RPK) (CLP)
PARTNERS LLC, NEW YORK CITY
ENVIRONMENTAL CONTROL BOARD,

                             Defendants.
----------------------------------------------------------X

**POLLAK**, United States Magistrate Judge:

       On March 24, 2022, plaintiff Great Normandy LLC ("plaintiff") commenced this action against defendants 4 Queens Homes Inc., Bolivar Canarte, Hakimian Partners LLC, and the New York City Environmental Control Board seeking to foreclose on a mortgage encumbering the property located at 347 Union Avenue, Brooklyn, New York 11211 (the "Subject Property"), pursuant to New York Real Property Actions and Proceedings Law, Section 1301 *et seq*.

       Despite proper service, defendants[1] failed to file an answer or otherwise respond to the Complaint and thereafter, on June 13, 2022, the Clerk of Court entered a default in favor of plaintiff. (ECF No. 13). On June 21, 2022, plaintiff moved for default judgment and the motion was then referred to the undersigned on June 22, 2022 to prepare a Report and Recommendation. On December 14, 2022, this Court issued an Order giving the parties an opportunity to submit additional papers and to request a hearing. (ECF No. 16). Defendants have not requested a hearing and to date, nothing has been submitted by any of the defendants.

---

[1] Defendants 4 Queens Homes Inc. and Hakimian Partners LLC were served with a copy of the summons and complaint on April 1, 2022; defendant New York City Environmental Control Board was served on March 31, 2022. (ECF Nos. 7-9). Although plaintiff was given an extension of time to serve defendant Bolivar Canarte, he was unable to be found, and on June 7, 2022, he was voluntarily dismissed from the action. (ECF No. 11).

1

For the reasons set forth below, it is respectfully recommended that plaintiff's motions for default judgment and for judgment of foreclosure and sale both be granted and that plaintiff be awarded damages in the amount of $1,377,040.48, reflecting $1,243,000.00 in outstanding unpaid principal balance amount due under the Mortgage and Note, and $134,040.48 in past-due interest, in addition to pre-judgment and post-judgment interest.

## STATEMENT OF FACTS

Plaintiff alleges that Great Normandy LLC ("Great Normandy") is a limited liability company, organized under the laws of the State of Florida, with its sole member, Collins Marina LLC, also a single member limited liability company. (Compl. ¶ 2). Yonel Devico is the sole member of Collins Marina LLC (see Devico Aff.[2] ¶ 1) and a citizen of the Kingdom of Morocco. (Compl. ¶ 2). Mr. Devico is a permanent resident of the United States domiciled in the State of Florida. (Id.) Plaintiff alleges that for diversity purposes, Great Normandy is a citizen of Florida. (Id.)

According to the Complaint, 4 Queens Homes Inc. ("Queens Homes") is a corporation organized under the laws of the State of New York, with its principal place of business located at 347 Union Avenue, Brooklyn, N.Y. 11211. (Id. ¶ 3). Plaintiff alleges that Queens Home is the borrower of the loan, Mortgagor under the Mortgage, and the owner of the subject property. (Id.)

Defendant Hakimian Partners LLC ("Hakimian") is alleged to be a Delaware limited liability company, with its principal place of business located at 825 Northern Boulevard, 1st Floor, Great Neck, N.Y. 11021. (Id. ¶ 5). According to the Complaint, the three members of Hakimian – Michael Hakimian, Sammy Hakimian, and Daniel Nadri – are all domiciled in New

---

[2] Citations to "Devico Aff." refer to the Affidavit of Amounts Due to Plaintiff, filed as Exhibit C to plaintiff's Motion for Default Judgment, on June 21, 2022. (ECF No. 15-6).

York and that Hakimian is therefore a citizen of New York for diversity purposes. (Id.) It is alleged that Hakimian may have a possible equity interest in the Subject Property, which interest is subordinate to plaintiff's Mortgage. (Id.)

Defendant New York City Environmental Control Board (the "Control Board") is an administrative body of the City of New York which is a necessary party because it has filed liens or judgments against the Subject Property or the borrowers. (Id. ¶ 6). It is alleged that those liens or judgments are also subordinate to plaintiff's Mortgage. (Id.)

According to the Complaint, on May 5, 2020, Queens Homes executed a Note and Mortgage to NY Principal Funding Corp. in the amount of $1,000,000, secured by the Subject Property, which Mortgage was recorded in the Kings County Clerk's Office on May 13, 2020 (CRFN:2020000146876). (Id. ¶¶ 10, 11, Exs. B, C). The Mortgage was thereafter assigned to Lending Assets Holding Corporation ("Lending Assets") on May 5, 2020 and recorded on June 16, 2020. (Id. ¶ 12(a), Ex. D). Lending Assets then assigned the Mortgage to NY Tower Capital LLC ("NY Tower") on December 22, 2020, which was recorded on January 25, 2021. (Id. ¶ 12(b), Ex. D). NY Tower assigned the Mortgage on February 24, 2021 to Collins Marina LLC ("Collins"), which assignment was recorded on March 16, 2021. (Id. ¶ 12(c), Ex. D). The final assignment from Collins to plaintiff Great Normandy occurred on April 27, 2021, and was recorded May 4, 2021. (Id. ¶ 12(d), Ex. D).

On approximately January 18, 2022, Queens Homes entered into a written loan modification agreement with plaintiff, in which Queens Homes reaffirmed its obligations under the loan agreements and the principal balance was modified to the sum of $1,243,000 (the "Modification Agreement"). (Id. ¶ 13, Ex. E). The applicable recording tax was duly paid at

that time. (Id. ¶ 14). Great Normandy asserts that it is in physical possession and is the owner and holder of the original Note and Mortgage. (Id. ¶ 15).

Plaintiff alleges that Queens Homes has failed to comply with the terms of the Mortgage by failing to pay the February 1, 2022 payment due under the agreements and has failed to make any subsequent payments as well. (Id. ¶ 16). Since this is a commercial and not a residential loan, the 90-day Notices required by Section 1304(1) of the RPAPL were not required. (Id. ¶ 17). Similarly, the Loan Documents did not require prior notice of default to be provided. (Id.) Plaintiff alleges that it has complied with all provisions of Section 595a and Sections 6-1 and Nine X of the Banking Law, as well as RPAPL Section 1304, except where exempt. (Id. ¶¶ 18, 19).

In the Complaint, plaintiff alleges that, as of March 20, 2022, the principal amount due under the Note, plus all accrued and unpaid interest and late charges was $1,306,750.58. (Id. ¶ 20). Plaintiff seeks judgment against defendants, including foreclosure and sale of the Subject Property, that plaintiff be paid the amounts due on the Note and Mortgage, with interest and late fees, expenses of sale, plus reasonable attorney's fees and costs,[3] among other things. (Id. Wherefore Clause; Proposed J.[4]).

## DISCUSSION

I. Default Judgment

When defendants failed to file an Answer or otherwise respond to the Complaint, plaintiff obtained a default from the Clerk of Court and filed the instant motion for default judgment.

A. Legal Standard

---

[3] Plaintiff is no longer requesting to recover attorneys' fees. (Weinreb Decl. ¶ 9 ("Plaintiff does not request to recover attorneys' fees associated with the pursuit of this action.")).

[4] Citations to "Proposed J." refer to the Proposed Judgement of Foreclosure and Sale that plaintiff provided with its Motion for Default Judgment, filed on June 21, 2022, ECF No. 15-3.

4

Rule 55(a) of the Federal Rules of Civil Procedure provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Rule 55 sets forth a two-step process for an entry of default judgment. See Enron Oil Corp. v. Diakuhara, 10 F.3d 90, 95-96 (2d Cir. 1993). First, the Clerk of the Court automatically enters the default pursuant to Rule 55(a) by notation of the party's default on the Clerk's record of the case. See id. Second, after the Clerk of the Court enters default against a party, if that party fails to appear or otherwise move to set aside the default pursuant to Rule 55(c), the court may enter default judgment. See Fed. R. Civ. P. 55(c).

Where the amount of damages owed requires a judicial finding, a default judgment may be entered once the court has conducted a hearing or made a determination as to damages. See Fed. R. Civ. P. 55(b). That said, while "the court must ensure that there is a basis for the damages specified in a default judgment, it may, but need not, make the determination through a hearing." Fustok v. Conticommodity Servs., Inc., 122 F.R.D. 151, 156 (S.D.N.Y. 1988), aff'd, 873 F.2d 38 (2d Cir. 1989). Rather, "the court may rely on detailed affidavits or documentary evidence . . . to evaluate the proposed sum." Id., aff'd, 873 F.2d 38, 40 (2d Cir. 1989) (holding that "it was not necessary for the District Court to hold a hearing, as long as it ensured that there was a basis for the damages specified in a default judgment").

However, in determining whether a default judgment should be entered, the Second Circuit has cautioned that a default judgment is an extreme remedy that "must remain a weapon of last, rather than first, resort." Meehan v. Snow, 652 F.2d 274, 277 (2d Cir. 1981). While the Second Circuit has recognized the "push on a trial court to dispose of cases that, in disregard of the rules, are not processed expeditiously [and] . . . delay and clog its calendar," it has held that

5

the district court must balance that interest with its responsibility to "[afford] litigants a reasonable chance to be heard."  Enron Oil Corp. v. Diakuhara, 10 F.3d at 95-96.  Thus, in light of the "oft-stated preference for resolving disputes on the merits," default judgments are "generally disfavored," and doubts should be resolved in favor of the defaulting party.  Id.  Accordingly, plaintiff is not entitled to a default judgment as a matter of right simply because the defendants are in default.  See Erwin DeMarino Trucking Co. v. Jackson, 838 F. Supp. 160, 162 (S.D.N.Y. 1993) (noting that courts must "supervise default judgments with extreme care to avoid miscarriages of justice").

The court has significant discretion and may consider a number of factors in deciding whether to grant a default judgment.  These factors include:  (1) whether the grounds for default are clearly established; (2) whether the claims were pleaded in the complaint, thereby placing the defendant on notice; and (3) the amount of money potentially involved – the more money involved, the less justification for entering the default judgment.  See Hirsch v. Innovation Int'l, Inc., No. 91 CV 4130, 1992 WL 316143, at *2 (S.D.N.Y. Oct. 19, 1992); Fed. R. Civ. P. 54(c) (stating "[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings"); King v. STL Consulting LLC, No. 05 CV 2719, 2006 WL 3335115, at *4-5 (E.D.N.Y. Oct. 3, 2006) (holding that Rule 54(c) is not violated in awarding damages that accrued during the pendency of a litigation, so long as the complaint put the defendant on notice that the plaintiff may seek such damages).  Additionally, a court may consider whether the facts alleged in the complaint state a valid cause of action, whether there are unresolved questions regarding material issues of fact as to liability or damages, whether plaintiff has been substantially prejudiced by the delay involved, and how harsh an effect a default judgment might have on the defendant.  See Au Bon Pain Corp. v. Artect, Inc., 653 F.2d

61, 65 (2d Cir. 1981) (discussing factors); 10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure*, § 2685 (4th ed.).

B. Default Determination

Based upon a review of the allegations in the Complaint, which are undisputed at this time, and for the reasons stated herein, the Court finds that plaintiff has sufficiently alleged a basis for finding liability as to warrant entry of a default judgment in its favor.

1) Foreclosure Actions

Under New York law, a mortgage is "'merely security for a debt or other obligation.'" United States v. Freidus, 769 F. Supp. 1266, 1276 (S.D.N.Y. 1991) (quoting 77 N.Y. Jur. 2d, Mortgages § 2 at 374); see also Rivera v. Blum, 98 Misc. 2d 1002, 1008, 420 N.Y.S.2d 304, 308 (N.Y. Sup. Ct. 1978) (noting that a mortgage is the security for a debt that represents a lien on the mortgaged property). The "'mortgagor is bound by the terms of his contract as made,'" and, in the event of a default, cannot be relieved from the default unless waived by the mortgagee, or where there is "'estoppel, or bad faith, fraud, oppressive or unconscionable conduct'" on the part of the mortgagee. United States v. Freidus, 769 F. Supp. at 1276 (quoting Nassau Trust Co. v. Montrose Concrete Prods. Corp., 56 N.Y.2d 175, 183, 436 N.E.2d 1265, 1269, 451 N.Y.S.2d 663, 667 (1982)).

Thus, in actions to foreclose upon a mortgage, the plaintiff must demonstrate three elements: (1) the existence of the mortgage and mortgage note, (2) ownership of the mortgage, and (3) the defendant's default in payment on the loan. Campaign v. Barba, 23 A.D.3d 327, 327, 805 N.Y.S.2d 86, 86 (2d Dep't 2005); see also Secretary of United States HUD v. Robedee ex rel. Suffolk Cty. Dep't of Soc. Servs., No. 22 CV 809, 2022 U.S. Dist. LEXIS 220104, at *11 (E.D.N.Y. Dec. 5, 2002) report and recommendation adopted, 2022 U.S. Dist. LEXIS 230722

7

(E.D.N.Y. Dec. 22, 2022); United States v. Freidus, 769 F. Supp. at 1277 (holding that foreclosure actions require "proof of the existence of an obligation secured by a mortgage, and a default on that obligation"). Once the plaintiff submits the mortgage, the unpaid note, and evidence of the default, it has satisfied its prima facie entitlement to judgment, see Fleet Nat'l Bank v. Olasov, 16 A.D.3d 374, 374, 793 N.Y.S.2d 52, 52 (2d Dep't 2005) (citing cases), and the burden shifts to the defendant to demonstrate that there is a triable issue of fact with respect to the merits of the defenses and/or counterclaims. Id.; see also Gustavia Home, LLC v. Rutty, 720 F. App'x 27, 28 (2d Cir. 2017) (summary order); U.S. Bank Trust Nat'l Ass'n Tr. v. Butti, 16 A.D.3d 408, 408, 792 N.Y.S.2d 505, 506 (2d Dep't 2005); Republic Nat'l Bank of N.Y. v. O'Kane, 308 A.D.2d 482, 482, 764 N.Y.S.2d 635, 635 (2d Dep't 2003).

    2) Analysis

When a defendant defaults, the defendant is deemed to have admitted every well-pleaded allegation of the complaint, "except those relating to damages." See Au Bon Pain Corp. v. Artect, Inc., 653 F.2d at 65; Wing v. East River Chinese Rest., 884 F. Supp. 663, 669 (E.D.N.Y. 1995); see also Gomez v. 4 Runners, Inc., 769 Fed. Appx. 1, 2 (2d Cir. 2019) (summary order). The Court, however, must review the allegations in the complaint to determine if the elements of each claim have been adequately pleaded. See Allstate Ins. Co. v. Tapper, No. 14 CV 5410, 2015 WL 6869702, at *2 (E.D.N.Y. Nov. 9, 2015).

In this case, plaintiff has alleged in the Complaint that Great Normandy is the current holder of a Note and Mortgage issued by Queens Home to NY Principal Funding. (Compl. ¶¶ 10-11, 15). Although the Note and Mortgage were originally issued to NY Principal, the Assignments of Mortgage, attached to the Complaint, demonstrate that the Note and Mortgage were transferred first to Lending Assets, then to NY Tower, and then to Collins Marina, before

being finally transferred to Great Normandy on April 27, 2021.  (Id. ¶ 12).  Plaintiff has further alleged that the Mortgagor is in default on its loan, and that plaintiff has complied with all relevant provisions of the RPAPL and the New York Banking Law.  (Compl. ¶¶ 17-19).  In addition to the allegations in the Complaint, which have not been refuted, plaintiff has also submitted copies of the duly executed Note and Mortgage, the Assignments of Mortgage, the Loan Modification Agreement, and the Declaration of Alan H. Weinreb, Esq., counsel to plaintiff, attesting to the chronology of events.  (See Compl., Exs. B, C, D, E; Weinreb Decl.[5]).  Plaintiff has also provided the Affidavit of Yonel Devico, sole Member of Collins Marina, which is the sole member of Great Normandy, stating that plaintiff is the owner and holder of the Note, and detailing the amounts due in unpaid principal and unpaid interest.  (See Devico Aff. ¶ 4).

The allegations in the Complaint, which establish the existence of the mortgage held by plaintiff, along with the unpaid note, and evidence of the default, are sufficient to satisfy plaintiff's prima facie entitlement to judgment.  While the law shifts the burden to defendants to demonstrate that there is a triable issue of fact, here, the defendants have failed to appear to contest the claims.  In this case, it is beyond dispute that the defendants are in default since they failed to file an Answer to the Complaint, failed to oppose plaintiff's motion for a default judgment, have not responded to this Court's Order relating to the calculation of damages, and failed to challenge the Court's entry of a default.  See Hirsch v. Innovation Int'l, Inc., 1992 WL 316143, at *2 (holding that "[the defendant's] default is crystal clear – it does not even oppose this motion").  Given the numerous opportunities afforded defendants, and their apparent lack of

---

[5] Citations to "Weinreb Decl." refer to the Declaration of Regularity in Support of Default Judgment of Foreclosure and Sale, submitted by Alan Weinreb, dated June 21, 2022.  (ECF No. 15-1).

interest in participating in these proceedings, the Court finds no compelling reason to delay further.[6]

II. Judgment of Foreclosure and Sale and Referee Appointment

A. Foreclosure and Sale

Before turning to plaintiff's request for damages, the Court considers plaintiff's request for foreclosure. As previously articulated, under New York Law, "a plaintiff is entitled to foreclosure 'as a matter of law through the production of the mortgage, the unpaid note, and evidence of default.'" BH99 Realty, LLC v. Qian Wen Li, No. 10 CV 693, 2011 WL 1841530, at *3 (E.D.N.Y. Mar. 16, 2011), report and recommendation adopted, 2011 WL 1838568 (E.D.N.Y. May 13, 2011). Here, plaintiff has submitted copies of the Mortgage and the Note, including Allonges and an Affidavit of Note Possession[7] (see Weinreb Decl. ¶ 2, Ex. A), the

---

[6] Neither Hakimian Partners LLC nor the New York City Environmental Control Board have appeared in this action. Both defendants appear to have been properly served and yet no one has appeared to assert rights or interests in the property. (See ECF Nos. 7, 9). They are both named as defendants for their interests in the Subject Property, which plaintiff alleges are subordinate to plaintiff's Mortgage. (Compl. ¶¶ 5-6). Hakimian is alleged to have a possible equity interest and the Control Board has filed liens or judgments against the borrower and/or Subject Property. (Id.) "[C]ourts have held that entry of a default judgment is appropriate where the complaint alleges 'nominal liability,' i.e., that any judgment or liens a defendant may have against the property are subordinate to the plaintiff's judgment." Eastern Savings Bank, FSB v. Beach, No. 13 CV 0341, 2014 WL 923151, at *8 (E.D.N.Y. Feb 12, 2014) (collecting cases), report and recommendation adopted, 2014 WL 923151 (E.D.N.Y. Mar. 10, 2014). Since plaintiff has alleged nominal liability, the Court thus grants plaintiff's motion for default judgment against Hakimian and the Control Board. See Federal Home Loan Mortg. Corp. v. 41-50 78th St. Corp., No. 92 CV 5692, 1997 WL 177862, at *3 (E.D.N.Y. Apr. 4, 1997) (granting default judgment and holding "there is no reason to anticipate that a default judgment will have harsh effects. Had any of the defendants believed that their liens were not subordinate to the plaintiff's, they would have set forth their argument in an answer"); Greystone Bank v. Skyline Woods Realty, LLC, 817 F. Supp. 2d 57, 66 (N.D.N.Y. 2011) (citing to Federal Home Loan Mortg. Corp. v. 41-50 78th St. Corp. and entering a default judgment against the New York State Department of Taxation and Finance where plaintiff alleged the NYSDTF's interests were subordinate to plaintiff's).

[7] Plaintiff has provided the Court with copies of the Note, an Affidavit of Note Possession from Elena Kuznetsova, the Operations Manager of Imperial Manager I, LLC ("Imperial"), plaintiff's document custodian. Ms. Kuznetsova states that Imperial is in possession of the original Note with Allonges as affixed thereto, on behalf of Great Normandy, and has had possession prior to and at the commencement of the action. (See Weinreb Decl. ¶ 2, Ex. A).

10

Assignments of Mortgage (see Weinreb Decl. ¶ 3, Ex. A), and the Affidavit of Yonel Devico, summarizing the relevant payoff calculations related to this loan. (See Devico Aff. ¶ 7). Thus, plaintiff has shown the existence of the Mortgage, Note, the assignment, and mortgage default, thereby establishing plaintiff's presumptive right to foreclosure. See Arcpe Holding v. 9Q4U5E LLC, No. 19 CV 6417, 2021 U.S. Dist. LEXIS 151493, at *5 (E.D.N.Y. Aug. 11, 2021) (stating that "a plaintiff seeking to foreclose a mortgage it did not originate must show evidence of: (1) the mortgage assignment; (2) the mortgage; (3) the note, and (4) the mortgage default"); Windward Bora LLC v. Valencia, No. 19 CV 4147, 2022 WL 872506, at *1 (E.D.N.Y. Mar. 24, 2022). Accordingly, since plaintiff has established that it is the holder[8] of the Mortgage and Note, and that defendants have failed to make payments in accordance with the terms of the mortgage, it is respectfully recommended that plaintiff's request for a judgment of foreclosure and sale be granted.

B. Appointment of Referee

The court may appoint a referee to effectuate a foreclosure and compute the amount due to the plaintiff under the Note and Mortgage when a defendant defaults and fails to answer the complaint. See RPAPL § 1321(1); § 1351(1); see also Windward Bora, LLC v. Brown, No. 21 CV 3147, 2022 WL 875100, at *5 (E.D.N.Y. Mar. 24, 2022).

In a proposed judgment filed by plaintiff in conjunction with its default judgment motion, plaintiff requests that the Court appoint a referee, Susan Ellen Rizos, Esq., to conduct the foreclosure sale. (See Proposed J. at 2; see also Weinreb Decl. Wherefore Clause). "Courts routinely appoint referees to effectuate the sale of foreclosed properties." U.S. Bank N.A. v.

---

[8] As demonstrated by Devico's and Elena Kuznetsova's Affidavits (see Devico Aff. ¶ 4; Weinreb Decl. ¶ 2, Ex. A), "[p]laintiff had physical possession of the Note when it filed this lawsuit . . . , and therefore has standing to foreclose." Windward Bora LLC v. Valencia, 2022 WL 872506, at *4 n.6.

Christian, No. 19 CV 427, 2020 U.S. Dist. LEXIS 33136, at *14 (E.D.N.Y. Feb. 25, 2020) (citing cases), report and recommendation adopted, 2020 U.S. Dist. LEXIS 121759 (E.D.N.Y. July 10, 2020). Plaintiff further requests the payment of the following from the proceeds of the sale: (1) a $750.00 fee to the referee; (2) expenses of the sale; and (3) $1,377,040.48, which represents the principal allegedly owed, plus interest owed as of June 14, 2022, along with any sums expended by plaintiff for taxes, assessments, water rates and sewer rents, with interest and penalties accrued. (Proposed J. at 2-3; see also Weinreb Decl. ¶ 7).

Having already determined that plaintiff is entitled to a judgment of foreclosure, the Court respectfully recommends the appointment of Susan Ellen Rizos, Esq., as referee to effectuate the foreclosure and sale of the Subject Property as one parcel, and that plaintiff be awarded sums expended in the sale. The Court further respectfully recommends that Susan Ellen Rizos, Esq., be paid $750.00 from the proceeds of the sale. See Windward Bora, LLC v. Brown, 2022 WL 875100, at *6 (appointing Susan Ellen Rizos, Esq., pursuant to proposed judgment that provides $750.00 fee); cf. Windward Bora LLC v. Valencia, 2022 WL 872506, at *1 (appointing a different individual as referee in a foreclosure action for the fee of $750.00).

III. Default Damages

    A.    Legal Standard

When a default judgment is entered, the defendants are deemed to have admitted all well-pleaded allegations in the Complaint pertaining to liability. See Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp., 973 F.2d 155, 158 (2d Cir. 1992), cert. denied, 506 U.S. 1080 (1993); Montcalm Publ'g Corp. v. Ryan, 807 F. Supp. 975, 977 (S.D.N.Y. 1992) (citing United States v. Di Mucci, 879 F.2d 1488, 1497 (7th Cir. 1989)); Au Bon Pain Corp. v. Artect, Inc., 653 F.2d at 65. However, the plaintiff must still prove damages in an evidentiary proceeding at which the

defendants have the opportunity to contest the claimed damages. See Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp., 973 F.2d at 158. "'While a default judgment constitutes an admission of liability, the quantum of damages remains to be established by proof unless the amount is liquidated or susceptible of mathematical computation.'" Levesque v. Kelly Commc'ns, Inc., No. 91 CV 7045, 1993 WL 22113, at *4 (S.D.N.Y. Jan. 25, 1993) (quoting Flaks v. Koegel, 504 F.2d 702, 707 (2d Cir. 1974)).

As previously mentioned, the court may appoint a referee to compute damages due to the plaintiff under the Note and Mortgage. RPAPL § 1321(1); see Greystone Bank v. Skyline Woods Realty, LLC, 817 F. Supp. 2d at 65. However, RPAPL § 1321(1) does not require a court to appoint a referee. See id. ("If the defendant fails to answer within the time allowed or the right of the plaintiff is admitted by the answer, upon motion of the plaintiff, *the court shall ascertain and determine the amount due, or* direct a referee to compute the amount due to the plaintiff . . . .") (emphasis added); see also Windward Bora, LLC v. Brown, 2022 WL 875100, at *5 (computing amount due on the note without appointing a referee). This Court issued an Order directing the parties to submit papers in support of their damage calculations. Plaintiff submitted evidence in support of its damage calculations, whereas none of the defendants submitted any papers. Since all of the defendants are in default, plaintiff's evidence on damages is undisputed.

B. Damages Calculation

Plaintiff seeks entry of a judgment foreclosing on the loan and awarding Great Normandy the aggregate amount of $1,377,040.48. (Devico Aff. ¶ 8). According to Yonel Devico, the sole Member of Collins Marina, which is the sole Member of plaintiff, this requested amount consists of $1,243,000.00 in unpaid principal and $134,040.48 in unpaid interest as of June 14, 2022, exclusive of attorneys' fees and costs. (Id. ¶¶ 5-8).

13

1) <u>Principal</u>

According to Yonel Devico, plaintiff is owed $1,243,000.00 in unpaid principal on the mortgage as of June 14, 2022. (Devico Aff. ¶ 5). Plaintiff does not directly address the difference between the original loan amount ($1,000,000.00) and the amount plaintiff currently seeks for the unpaid principal balance. Nevertheless, plaintiff explains that on approximately January 18, 2022, 4 Queens Homes Inc. entered into a written loan Modification Agreement with plaintiff, under which the new unpaid principal balance was modified to the amount of $1,243,000.00, which included any interest or other amounts capitalized, and plaintiff has provided a copy of this Modification Agreement. (<u>See</u> Weinreb Decl. ¶ 4; Compl., Ex. E). Pursuant to the terms of the Modification Agreement, the first new monthly payment was due on February 1, 2022. (Compl., Ex. E at 3). Plaintiff alleges that defendant 4 Queens Homes Inc. thereafter failed to pay the February 1, 2022 payment and has defaulted on all subsequent payments. (Compl. ¶ 16).

Having reviewed the plaintiff's submissions in support of its motion for damages, the Court respectfully recommends that plaintiff be awarded the unpaid principal owed on the Mortgage in the amount of $1,243,000.00.

2) <u>Interest</u>

In addition, plaintiff seeks an award of unpaid interest due under the terms of the Loan in the amount of $134,040.48. (Weinreb Decl. ¶ 7; Devico Aff. ¶ 7). Plaintiff provided a Rider to the mortgage, which provides that in the event of a default, interest shall accrue thereafter at a yearly rate of 24% until the full amount of the sums due is paid. (Compl., Ex. B; <u>See also</u> Devico Aff. ¶ 7). Plaintiff calculates the interest owed "by taking the principal balance (i.e. $1,243,000.00) and multiplying it by 24.00% and then dividing that number by 365 days to

obtain the *per diem* interest which, in this case, equals $817.32." (Devico Aff. ¶ 7). Plaintiff then submits that since the date of default is February 1, 2022 ("and interest pursuant to the Loan is paid in arrears"), interest should be calculated from January 1, 2022 through June 14, 2022,[9] which is 164 days, which when multiplied by the per diem rate of $817.32 equals $134,040.48. (Id.) The Court has independently confirmed these calculations. Accordingly, the Court respectfully recommends that plaintiff be awarded damages in past-due interest in the amount of $134,040.48 and *per diem* pre-judgment interest in the amount of $817.32 per day from June 15, 2022 until judgment is entered. See Windward Bora, LLC v. Brown, 2022 WL 875100, at *6 (awarding *per diem*, pre-judgment interest starting from August 13, 2021 where plaintiff had calculated the amount of alleged interest due through August 12, 2021).

Finally, a plaintiff is also entitled to an award of post-judgment interest, pursuant to 28 U.S.C. § 1961(a), on damage awards issued by a district court. See Schipani v. McLeod, 541 F.3d 158, 165 (2d Cir. 2008). Thus, the Court also respectfully recommends that plaintiff be awarded post-judgment interest at the federal statutory rate from the date judgment is entered until it is paid. See Windward Bora, LLC v. Brown, 2022 WL 875100, at *6 (awarding post-judgment interest pursuant to 28 U.S.C. § 1961(a) in granting motion for default judgment of foreclosure and sale).

## CONCLUSION

In summary, having reviewed plaintiff's submissions in support of plaintiff's motion for default judgment and damages, as well as plaintiff's Proposed Judgment, the Court respectfully recommends that plaintiff's motion be granted. The Court respectfully recommends that plaintiff be awarded: (1) $1,377,040.48, comprised of $1,243,000.00 in unpaid principal and

---

[9] June 14, 2022 is the day prior to the date that the Devico Affidavit was sworn to and notarized. The Affidavit itself is not dated.

15

$134,040.48 in past-due interest from January 1, 2022 through June 14, 2022; (2) per diem interest of $817.32, starting from June 15, 2022 until judgment is entered; and (3) post-judgment interest at the statutory rate.  The Court further respectfully recommends that the foreclosure and sale of the Subject Property proceed as set forth in the Proposed Judgment, under the direction of Susan Ellen Rizos, Esq., as referee.  The Court further respectfully recommends that Susan Ellen Rizos, Esq., be paid $750.00 from the proceeds of the sale, and that plaintiff be awarded from the sale any sums expended for taxes, assessments, water rates and sewer rents, interest and penalties accrued, and any additional costs for the expenses of the sale and the advertising expenses as shown on the bills presented to said referee and certified by her.

Any objections to this Report and Recommendation must be filed with the Clerk of the Court within fourteen (14) days.  See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); see also Fed. R. Civ. P. 6(a) (providing the method for computing time).  Failure to file objections within the specified time waives the right to appeal the District Court's order.  See, e.g., Caidor v. Onondaga Cty., 517 F.3d 601, 604 (2d Cir. 2008).

The Clerk is directed to send copies of this Report and Recommendation to the parties either electronically through the Electronic Case Filing (ECF) system or by mail.

**SO ORDERED.**
Dated: February 28, 2023
Brooklyn, New York

/s/ Cheryl L. Pollak
CHERYL L. POLLAK
United States Magistrate Judge
Eastern District of New York